

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 29, 2004

Mark R. Meehan, Esq.
148 Crest Avenue
Revere, MA 02151

    Re:  <u>United States v. Jaime R. Pillcorema</u>
           Criminal No. 2004-M-0495-RBC

Dear Mr. Meehan:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Defendant Jaime R. Pillcorema ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.  <u>Plea</u>

On or before January 14, 2005, or as soon thereafter as scheduled by the court, Defendant shall waive venue and the applicable statute of limitations and plead guilty to a one-count information charging him with unlawful entry, in violation of 8 U.S.C. §1325(a)(1). A copy of the information is attached hereto. Defendant expressly and unequivocally admits that he in fact knowingly committed the crime charged in count one of the Information, and is in fact guilty of the charged offense. Upon imposition of sentence on the information, the U.S. Attorney will dismiss the complaint pending against Defendant in which he is charged with a violation of 8 U.S.C. 1324 (a)(1)(A)(ii).

    2.  <u>Penalties</u>

Defendant faces the following maximum penalties: six months imprisonment, a fine of $5,000, and a $10 special assessment.

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a

consequence of his conviction of the offense to which he is pleading guilty.

### 3. Sentencing Guidelines

The U.S. Attorney and Defendant jointly agree that the guidelines are not applicable to the offense charged in the information.

### 4. Sentence Recommendation

The U.S. Attorney and Defendant jointly agree to recommend the following sentence before the District Court:

    (a) Six months incarceration;

    (b) No fine;

    (c) $10 mandatory special assessment;

### 5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

### 6. Court Not Bound By Agreement

The sentencing recommendations made by the parties are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the recommendations of the parties. In the event that the sentencing judge declines to follow the recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's sentence in any subsequent appeal or collateral challenge.

### 7. Forfeiture

Defendant will, absent a parallel forfeiture proceeding in state court, forfeit to the United States any and all assets

subject to forfeiture pursuant to 18 U.S.C. §982(a)(6)(A), as if this case was charged under 8 U.S.C. § 1324(a)(1)(A)(ii), as a result of his guilty plea. The property to be forfeited is $3,573 U.S. currency seized from Defendant upon his August 21, 2004 arrest by Lynn police.

Defendant hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases his claims to $3,573 seized by, or turned over to Lynn police on August 21, 2004.

8.   Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9.   Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

10.  Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S.

Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Timothy Q. Feeley.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *James B. Farmer*
JAMES B. FARMER
Assistant U.S. Attorney
Chief, Criminal Division

TIMOTHY Q. FEELEY
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter or had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
JAIME R. PILLCOREMA
Defendant

Date:_____

I certify that Jaime R. Pillcorema has read this Agreement or had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Mark R. Meehan, Esq.
Attorney for Defendant

Date:_____

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.  ) | CRIMINAL NO. |
| ) | |
| JAIME R. PILLCOREMA  ) | |

### INFORMATION

**COUNT ONE**:   (8 U.S.C. § 1325 -- Improper Entry of Alien)

The United States Attorney charges that:

On or about 1994, at the Mexican/United States border, in the Southern District of California,

**JAIME R. PILLCOREMA**,

defendant herein, being an alien, entered the United States at a time and place other than as designated by immigration officers.

All in violation of Title 8, United States Code, Section 1325(a)(1).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
TIMOTHY Q. FEELEY
Assistant U.S. Attorney
(617) 748-3172

December ___, 2004

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter or had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

JAIME R. PILLCOREMA
Defendant

Date: 12-16-04

I certify that Jaime R. Pillcorema has read this Agreement or had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Mark R. Meehan, Esq.
Attorney for Defendant

Date:

5